JUDGE JONES

**10 CIV 6304 (BSJ)**

NYCC_Complaint02.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARL E. PERSON, individually and as nominee :   ECF CASE
for New York State Attorney General of the   :   Index No.
Libertarian Party,                           :
                                             :
                    Plaintiff,               :
                                             :
        v.                                   :   COMPLAINT
                                             :
THE NEW YORK CITY COUNCIL,                   :
CHRISTINE C. QUINN, individually and as Member :
and Speaker of the New York City Council,    :
NEW YORK CITY, and                           :
MICHAEL R. BLOOMBERG, individually and as    :
Mayor of New York City,                      :
                                             :
                    Defendants.              :
                                             :
------------------------------------------------------------x

[RECEIVED AUG 23 2010 U.S.D.C. S.D.N.Y. CASHIERS]

Plaintiff, Carl E. Person ("Person" or the "Plaintiff") brings this action against Defendants, **THE NEW YORK CITY COUNCIL** (the "Council"), **CHRISTINE C. QUINN**, individually and as Member and Speaker of the New York City Council ("Quinn"), **NEW YORK CITY** ("NYC") and **MICHAEL R. BLOOMBERG**, individually and as Mayor of New York City ("Bloomberg") for declaratory, injunctive and other relief, and alleges as follows:

### Brief Summary

1.  This is a civil rights action by a voter and candidate for New York State Attorney General to permanently enjoin the custom and practices of the New York City Council to use discretionary grants, made by the Council Speaker without

approval of the Council, to specific organizations within Council members districts, as a legislative bribe to ensure that the majority of the 50 other Council members cast their votes in the Council according to the directions of the Council Speaker.  The Council Speaker is controlled by various promises and gifts by the NYC Mayor, so that the legislative desires of the Mayor are achieved by the Council Speaker, through this system of discretionary awards or bribes, paid out of the Council Speaker's discretionary funds to organizations located in members' Districts. This system provides political and economic benefits to the majority of Council members who have handed over their right to vote to the Council Speaker directly, and to the Mayor indirectly, but the system denies each of the 51 Council members (other than the Speaker) his/her right to vote and deprives the voters of their elected District representative on the NYC Council and his/her right to vote. The result is that the Mayor obtains whatever he wants, such as his third term, traffic congestion, foreign visitors drinking coffee while sitting on chairs in the middle of our streets, a growing unemployment rate, loss of jobs and business opportunities, and an educational system for most NYC residents that increasingly prevents them from obtaining meaningful employment. An independent NYC Council made up of 51 equally-empowered Council members could and should have prevented these and other unacceptable conditions.

## I. <u>Jurisdiction</u>

2.     Subject-matter jurisdiction is vested in this Court pursuant 28 U.S.C. §1331("… all civil actions arising under the Constitution, laws, or treaties of the United States"), 28 U.S.C. § 1343(a)(3) ("To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States"), and 28 U.S.C. § 1343(a)(4)("… to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote").

3.     Personal jurisdiction of this Court over the Defendants exists in that each of the Defendants regularly conducts or transacts business within the Southern District of New York, and that the alleged activities of the Defendants occurred within this District.

4.     The Court has supplemental jurisdiction over the Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a).

## II. <u>Venue</u>

5.     Venue in this District is based on 28 U.S.C. § 1391(b) because, all Defendants reside in New York State and some or all of the Defendants reside in the

Southern District of New York; and a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District.

### III. Parties

6. Plaintiff, **CARL E. PERSON** ("Person" or the "Plaintiff"), is an attorney, voter, taxpayer and the nominee of the New York Libertarian Party for the statewide office of New York State Attorney General during the election to be held on November 2, 2010.

7. Person's residence is in New York County, and his place of business is located at 325 W. 45th Street, New York, New York 10036.

8. Defendant, **CHRISTINE C. QUINN** ("Quinn") is an elected member of the City Council (representing the 3rd District, Manhattan, including Chelsea area) and on January 6, 2010, by a 48-1 vote was, re-elected by the 51-member Council as Speaker of the New York City Council.

9. Quinn's District Office is located at 224 W. 30th Street – Suite 1206, New York, New York 10001, and her New York City Council address is 250 Broadway – 30th Floor, New York, New York 10007.

10. Defendant, **NEW YORK CITY COUNCIL** (the "Council"), is the legislative body for New York City consisting of 51 elected members, one from each of the 51 Council Districts throughout the 5 Boroughs of New York City.  Wikipedia

states: "The Council serves as a check against the mayor in a "strong" mayor-council government model."  Wikipedia further describes the Council:

> The head of the City Council is called the Speaker, and is currently Christine Quinn, a Democrat. The Speaker sets the agenda and presides at meetings of the City Council. Proposed legislation is submitted through the Speaker's Office. There are 46 Democratic council members led by Majority Leader Joel Rivera. The five Republican council members are led by Minority Leader James Oddo.
>
> The Council has 35 committees with oversight of various functions of the city government. Each council member sits on at least three standing, select or subcommittees (listed below). The standing committees meet at least once per month. The Speaker of the Council, the Majority Leader, and the Minority Leader are all ex officio members of every committee.
>
> Council members are elected every four years, except for two consecutive two year terms every twenty years (starting in 2001 and 2003 and again in 2021 and 2023)….
>
> [source: http://en.wikipedia.org/wiki/New_York_City_Council]

11.  The Council has its offices at 250 Broadway – 30th Floor, New York, New York 10007.

12.  The Council shares with the Mayor control over the NYC budget, which in 2010 amounted to $63 billion. [Source: http://www.bloomberg.com/news/2010-06-25/new-york-city-63-billion-budget-reduces-school-spending-maintains-police.html].  In its website, the Council states:

"The Council is an equal partner with the Mayor in the governing of New York City."  [Source:  http://council.nyc.gov/html/about/about.shtml]

13. Defendant, **NEW YORK CITY** ("NYC") is governed by the Mayor and Council, in which is supposed to be a sharing of governing power. Because of the activities alleged herein, New York City is being governed by a Mayor who has been able to eliminate the checks and balances of a lawfully functioning Council, to enable the Mayor to do whatever he wants and disregard the desires and interests of the residents and voters of New York City and the legislative rights of the 51 members of the Council.

14. The addresses for NYC are (i) Controller, John Liu, 1 Centre Street, New York, New York 10007; and (ii) Mayor, Michael R. Bloomberg, City Hall, between Broadway and Park Row, New York, New York 10007; and (iii) NYC Corporation Counsel, New York City Law Department, 100 Church Street, New York, New York 10007.

15. Defendant, **MICHAEL R. BLOOMBERG** (the "Mayor" or "Bloomberg") is the Mayor of NYC, elected for a third term, on November 3, 2009. The Mayor under law governs NYC jointly with the Council. For reasons set forth in this Complaint, the Major is running NYC without any substantial or significant sharing of power by the Council, causing his administration to fail in representing the desires and needs of NYC voters and residents and to reflect the Mayor's interests of

taking care of his wealthy and foreign friends and business associates, and the Mayor's business interests [1], and not NYC's voters and residents.

15A. The Mayor has conspired and acted jointly with the other Defendants to violate the one-man, one-vote rule under the Due Process and Equal Protection clauses of the 14th Amendment to the U.S. Constitution, and comparable New York law.

15B. The Mayor's office is located at City Hall, between Broadway and Park Row, New York, New York 10007, and his residence is located at Gracie Mansion, 88 East End Avenue, New York, New York 10028-8024.

16. As a result of the lack of shared governance, the Mayor has been able to change New York City in substantial ways destructive of the interests and desires of the residents and voters of NYC, including:

---

1. Wikipedia states: "Bloomberg L.P. is a privately held financial software, news, and data company. Bloomberg makes up one third of the $16 billion global financial data market with estimated revenue of $6.6 billion. Bloomberg L.P. was founded by Michael Bloomberg (current Mayor of New York City) with the help of Thomas Secunda and other partners (Bloomberg's former coworkers from Salomon Brothers) in 1981 and a 30% ownership investment by Merrill Lynch. The company provides financial software tools such as analytics and equity trading platform, data services and news to financial companies and organizations around the world through the Bloomberg Terminal(via its Bloomberg Professional Service ), its core money-generating product." [Source: http://en.wikipedia.org/wiki/Bloomberg_L.P.

A. Eliminating a 2-term requirement enacted by the voters through the petitioning process in 1993 and reaffirmed by voters during 1996 (defeating a Council petition that would have provided a 3-term limit) and inducing the Council to create a third-term exception for the Mayor;

B. Presiding over and creating a deteriorating public school system in which the students are given virtually worthless training and skills and cause a deterioration of the economy in NYC;

C. Entering into agreements on behalf of NYC to pay more money than NYC and its taxpayers can afford, with the result that NYC is steadily increasing its indebtedness without any ability to pay other than through confiscatory taxes and reduction or elimination of essential services to NY citizens and residents;

D. Deliberately creating traffic congestion in NYC to give the Mayor what he would claim is justification for imposing a London-type tax on automobiles, taxis and trucks coming into Manhattan (south of 97th Street) during rush hours, which would be a highly regressive tax on residents, voters and others, and deprive them many of them of taking advantage of the services and other benefits available in Manhattan;

E. Closing down lanes to automobile, taxicab and truck traffic by (i) creating parking lots in the middle of high-traffic streets, such as 9th Avenue, 8th Avenue and Broome Street, (ii) blocking entire lanes at intersections to assist in a

dubious breakdown of traffic that creates more congestion than it solves; (iii) creating lanes for bicycles only; (iv) creating lanes for buses only; (v) creating entire streets for pedestrians, sunbathers and beverage-drinkers without any lanes at all for vehicles; and (vi) having multiple lane elimination in many instances so that where formerly there were 5 vehicle lanes there are now only 1 or 2 lanes – all of which was done in violation of the law requiring (prior to implementing the changes) an environment impact statement to analyze the effects such changes would have on life and the economy in NYC;

  F. Failing to develop meaningful job, small business and self employment opportunities in NYC while catering to the industries such as investment banking, mergers and real estate construction that have helped to destroy the economy for most residents and voters in NYC, through creation of toxic securities and through transfer of NYC jobs and opportunities to other countries;

  G. Failing to enforce the federal, state and local laws governing Wall Street and investment bankers (the Mayor's main customers for his wholly-owned Bloomberg L.P.), thereby being partially responsible for the adverse condition of the economy in NYC and elsewhere; and

  H. Creating a financial dependence on continued violation of federal and state laws by the financial industry as a prime source of tax revenues to run NYC.

17. Also, upon information and belief, as a part of the discretionary fund custom and usage, the Speaker and Council are making payments to non-profit or other organizations located in one or more of the 51 Districts or elsewhere each of which organizations is controlled by one or more District members or some of their relatives or business associates.

18. The defendants described in ¶¶ 6-17 above are collectively referred to hereinafter as the "Defendants".

### IV. Claims for Relief

### COUNT I

### Violation of One Man, One Vote Rule, under the 14th Amendment - Denial of Equal Protection; Denial of Due Process

**(against each of the Defendants)**

19. Plaintiff incorporates each and every allegation set forth in ¶¶ 1-18 as if fully rewritten herein.

20. New York City is governed by an elected Mayor and elected legislative body known as the New York City Council (the "Council").

21. The Mayor is elected by voters residing in each of the 5 boroughs of New York City.

22. The Council is made up of 51 Council members, each elected from one of 51 Council Districts created within the 5 Boroughs of NYC, with a Speaker elected by the 51 members of the Council.

23. The Mayor's position essentially is to manage NYC and to propose a budget each year (amounting to about $63 billion in 2010).

24. The Council's position is to pass local laws amending the New York City Charter (including local laws prohibiting unwanted activities by the Mayor) and to review, modify and approve the annual budget submitted by the Mayor.

25. A portion of the annual budget is allocated to the Council for expenditure by the Council.

26. Upon information and belief, parts of the budget to be spent by direction of the Council are set aside in accounts that knowingly fail to describe the true purpose of the accounts, which is to function as a slush fund or source of money for allocation by the Speaker, alone or with one or several other Council members, to alleged non-profit or other organizations located within specific Council Districts.

27. Council members need to show their constituents that they are successful in obtaining allocation of moneys to their respective Districts, and a system of custom and usage gives credit to the Council member of a District as to any awards given to organizations located in the District.

28. As a result of an award, local publicity is generated giving credit to the District member, which enables the District member to become re-elected more easily, by showing his/her constituents how successful the Council member has been in bringing NYC funds into the District.

29. District members unable to show they have brought significant NYC funds into the District, or who have brought in far less than other District members, have a more difficult time in raising campaign contributions, volunteers and getting re-elected.

30. District members are under political pressure to succumb to pressure from the Speaker of the Council to vote on major issues in the way the Speaker wishes, or suffer a loss or substantial reduction of fund allocations to the member's District.

31. The Speaker in fact uses discretionary funds set aside for this purpose to send significant sums of money to organizations within the Districts of Council members who vote as directed by the Speaker, and to deny comparable funding to organizations within the Districts of Council members who refuse to vote the way the Speaker directs.

32. As a result of this system of custom and usage which has developed in the Council, the Speaker is able to vote for a majority of the Council members on important issues, which results in greater allocations of money to the Districts of

cooperating Council members, and substantially reduced or even no allocations of money to the District of Council members refusing to sell their votes in this way.

33. The Speaker, in turn, is dominated by the Mayor, who supports the Mayor in whatever the Mayor determines is most important to the Mayor, and uses her purchased influence over a majority of the Council members to vote the way she is directed or encouraged to vote by the Mayor.

34. In return, the Speaker is permitted to run the slush fund giving the Speaker far more power than she is entitled to under law, and is enabling her to groom herself as the duly anointed successor as Mayor to the current Mayor.

35. These practices, custom and usage, and described above, are in violation of the one man, one vote rule under the 14th Amendment to the U.S. Constitution, particularly the Equal Protection and Due Process clauses thereof.

36. The Plaintiff and the other voters, residents, small business owners, candidates for office, self employed persons and others are injured by this practice which destroys or substantially limits the vote and influence of their representatives elected as Council members at the District level, and substitutes an unconstitutional patronage system for what should be a system of supporting organizations based on their merit, and according to a vote of the entire Council.

37. Also, it has resulted in creating a third term for a Mayor unwanted for a third term by the voting public, as expressed in the voters' approval of a petition

denying a third term to the Mayor, with the resulting dictatorial activities and injurious consequences [see ¶¶ 16(A-H) above] causing New York to become dependent for its income on ill-gotten investment banking profits instead of the hard work and industry of the other sectors of the economy.

38. Plaintiff is entitled to a preliminary and permanent injunction prohibiting the Speaker and any other Council members or their associates, aides, employees, agents, banks, custodians or attorneys, NYC officials or employees (the "Speaker and/or any Associates") as well as the Mayor and NYC.

A. from maintaining any accounts from which the Speaker and/or any Associates may make discretionary payments to any non-profit or other organizations located in any of the 51 Districts or elsewhere;

B. from withholding payments to any non-profit or other organizations located in any of the 51 Districts or elsewhere unless one or more District members agree to vote in a way directed by the Speaker and/or any Associates;

C. from making any payments to any non-profit or other organizations located in any of the 51 Districts or elsewhere which organization is controlled by one or more District members or any of their relatives or business associates;

D. from making total payments to any non-profit or other organizations located in a specific District (or for the account of an organization located in a specific District) which is disproportionate by more than 10% to total payments to

any non-profit or other organizations located in the District receiving the least amount of money per registered voter, unless a majority of the Council members vote to approve such payment;

  E. from offering or receiving any money, property, assistance or support in exchange for exercise of a purchased vote of any District member.

## COUNT II

### Declaratory Judgment under 28 U.S.C. § 2201, et seq.

### (against each of the Defendants)

  39. Plaintiff incorporates each and every allegation set forth in ¶¶ 1-38 as if fully rewritten herein.

  40. Plaintiff is entitled to a declaratory judgment under 28 U.S.C. § 2201, et seq. declaring that the activities of the Defendants as alleged are in violation of the one-man, one-vote rule under the 14th Amendment to the U.S. Constitution (Equal Protection and Due Process clauses), and that the activities are in violation of comparable New York law.

## PRAYER

**WHEREFORE**, the Plaintiff prays that this Court issue an Order:

  1. Granting judgment in favor of the Plaintiff and against each of the Defendants, jointly and severally, that the activities as alleged are a violation of the

one man, one vote rule under the 14th Amendment to the U.S. Constitution (Equal Protection and Due Process clauses and comparable New York law);

    2.    Enjoining each of the Defendants as requested in ¶ 38 (A-E) above;

    3.    Declaring that the activities as alleged are a violation of the one man, one vote rule under the 14th Amendment to the U.S. Constitution (Equal Protection and Due Process clauses and comparable New York law);

    4.    Granting reasonable costs of the action, including reasonable expenses, including any attorneys' fees paid to attorneys or law firms not associated with the Plaintiff; and

    5.    Such other and further relief, whether in law or in equity, as this Court deems just and proper.

**Dated:  New York, New York**
       **August 23, 2010**

                  **Respectfully submitted,**

*/s/ Carl E. Person*
_____

**Carl E. Person, Plaintiff** *Pro Se*
**325 W. 45th Street - Suite 201**
**New York, New York 10036-3803**
**(212) 307-4444**